UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LARRY M. SHULMAN and ROBERTA S. SHULMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CONCORD GENERAL MUTUAL INSURANCE COMPANY and FINN AND STONE, INC.,<br><br>Defendants. | Case No. 5:22-cv-00078 |

**SCHEDULING ORDER**
**(Docs. 83, 90, 92, 93, and 95)**

On January 3, 2024, the court held a hearing on five motions (Docs. 83, 90, 92, 93, and 95), all of which arise out of discovery disputes. This scheduling order reiterates rulings from the bench during the hearing.

**I.     Plaintiffs' Motion for Protective Order (Doc. 83)**

This motion focuses on subpoenas which Concord General Mutual Insurance Company ("Concord") served on 15 non-parties. The motion is granted in part and denied in part. The subpoena served on:

1. Crown Point Builders, Inc. is permitted.

2. Gassett Group is permitted.

3. Lexington Insurance is not permitted.

4. McAlpine Contracting Company is permitted.

5. Model Appraisal Services is permitted.

6. Privilege Underwriters Reciprocal Exchange (PURE Insurance Company) is not permitted.

7. Vermont Department of Environmental Conservation is moot.

8. WHS Homes Inc. is permitted.

9. Wright Construction is permitted.

10. XS Broker Insurance is permitted.

11. Town of Ludlow is moot.

12. Catamount Kitchens and Designs, LLC is permitted.

13. La Valley Building Supply is permitted.

14. Citizens Bank N.A. is not permitted.

15. Upper Falls Insurance Inc. is not permitted.

### II.  Plaintiffs' Second Motion for Protective Order (Doc. 90)

This motion is granted in part and denied in part. It is granted with respect to the interrogatories and requests related to confidential financial information, tax returns, and tax information. Otherwise, it is denied.

### III.  Defendant Concord General Mutual Insurance Company's Motion to Compel Further Discovery Responses (Doc. 92)

During the January 3rd hearing, Plaintiffs' attorneys represented to the court that they have already given Concord's attorneys everything in the Shulmans' custody or control that is responsive to the discovery requests in question. Plaintiffs' attorneys have also represented to the court that (1) they asked the Shulmans to check for additional documents and then gave Concord's attorneys supplemental production and (2) this supplemental production was accompanied by a statement that the Shulmans had nothing else to turn over. Plaintiffs' attorneys

also represented to the court that in a December 22, 2023 letter to opposing counsel, they disclosed redacted information related to attorneys' fees. "[A party] is not entitled to dictate the specific manner in which the [opposing party] responds to [its] interrogatories, or the precise language used in the [opposing party's] responses. *Rubinow v. Ingelheim*, No. CIVA 3:08-CV-1697VLB, 2010 WL 1882320, at *7 (D. Conn. May 10, 2010). Concord's Motion to Compel Further Discovery Responses is denied.

## IV. Defendant Concord General Mutual Insurance Company's Motion to Compel Further Expert Discovery (Doc. 93)

This motion is granted with conditions. With respect to Concord's three requests listed on Doc. 93-7 at 1–2:

1. Within 15 days of entry of this order, the Shulmans shall produce Sean Sargeant's detailed report of the replacement cost valuation from the Marshall SwiftEstimator program along with all relevant data;

2. If Concord decides to proceed with its request that the Shulmans produce Sean Sargeant's file records for the five comparables considered in calculating the replacement cost "ballpark" of $2.5 million, Concord must pay Sean Sargeant at his normal hourly rate for the time that it takes to redact the file records for the five comparables (in order to make sure other homeowners' private information is not inadvertently disclosed).

3. Within 15 days of entry of this order, the Shulmans shall produce Sean Sargeant's written expert reports and deposition transcripts listed on Sean A. Sargeant List of Expert Testimony 2021 to Current. However, only the most recent 25 written expert reports and deposition transcripts must be produced.

## V. Non-Party PURE Insurance Company's Motion to Quash (Doc. 95)

This motion is moot based on the court's ruling, in Section I of this order, that the subpoena served on Privilege Underwriters Reciprocal Exchange (PURE Insurance Company) is not permitted.

## Conclusion

Plaintiffs' Motion for Protective Order (Doc. 83) is granted in part and denied in part.

Plaintiffs' Second Motion for Protective Order (Doc. 90) is granted in part and denied in part.

Defendant Concord General Mutual Insurance Company's Motion to Compel Further Discovery Responses (Doc. 92) is denied.

Defendant Concord General Mutual Insurance Company's Motion to Compel Further Expert Discovery (Doc. 93) is granted with conditions.

Non-Party PURE Insurance Company's Motion to Quash (Doc. 95) is moot.

Plaintiffs' Motion to Dismiss Answer to Third Amended Complaint and Counterclaim for Failure to State a Claim (Doc. 86) remains pending and has been taken under advisement.

Dated at Burlington, in the District of Vermont, this 9th day of January, 2024.

Geoffrey W. Crawford, Chief Judge
United States District Court